URSULA LAPOINTE *vs.* BOSTON AND MAINE RAILROAD.

Hampshire.    September 17, 1901. — October 16, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, & BARKER, JJ.

*Negligence*, On railroad, Contributory.

A passenger who is injured in attempting to alight from a railroad train after it has stopped at a station and started again, knowing that the train is in motion when he steps off, is not in the exercise of due care and cannot recover from the railroad company.

In an action to recover for injuries sustained by the plaintiff, a woman sixty-one years old, in falling from a train when she was attempting to alight, after the train had stopped at her station and started again, it appeared, that the accident happened about three o'clock in the afternoon, that the plaintiff wore a veil and carried a handbag and a bundle containing some books tied with a string, that when she and other passengers started to leave the car one of the books slipped out, that she stooped and picked it up and while walking to the end of the car was trying to get the book under the string, that before reaching the end of the car she saw a brakeman come into the car, shut the door and sit down, that the other alighting passengers at this time were on the platform of the station, that she opened the door, stepped out on to the platform of the car, and began to descend the steps on the opposite side from the station platform, saw that the train was moving, either stepped off or fell off of the lower step after the train had started, and struck the ground some distance from the end of the station platform. *Held*, that a verdict should have been ordered for the defendant; that the plaintiff either stepped off the train when she knew it was in motion or, if she fell, descended the steps when if she had used her faculties she could not have failed to notice that the cars were moving, and in either case was not in the exercise of due care.

TORT by a passenger for injuries alleged to have been caused by the sudden starting of a train of the defendant when the plaintiff was about to alight therefrom. Writ dated March 19, 1900.

At the trial in the Superior Court, before *Mason*, C. J., the judge refused to rule that the plaintiff was not entitled to recover, and submitted the case to the jury who returned a verdict for the plaintiff in the sum of $4,000. The defendant alleged exceptions now sustained by the court upon the undisputed evidence which is stated in the opinion.

*W. G. Bassett*, (*E. L. Shaw* with him,) for the defendant.
*J. C. Hammond*, for the plaintiff.

LATHROP, J.  The plaintiff was a passenger on a train of the defendant company, and sustained injuries by falling from the train while she was attempting to alight, after the train had stopped at a station and had started again.

The undisputed facts in the case are that the plaintiff, a woman sixty-one years old, took the train at Northampton intending to go to Belchertown, at fifteen minutes after two o'clock in the afternoon of January 6, 1900.  On reaching Belchertown, the name of the station was called, and she and other passengers arose and started for the forward end of the car.  She was encumbered by a handbag and a bundle containing some books, tied up by a string.  One of the books slipped out and she stooped to pick it up, and while walking to the end of the car was trying to get the book under the string. Before reaching the end of the car she saw a brakeman come into the car, shut the door and sit down.  The other passengers at this time were on the platform of the station.  She opened the door, stepped out on to the platform of the car, and began to descend the steps to the left, instead of to the right, where the platform of the station was, saw that the train was moving, and either stepped off or fell off the lower step after the cars had started.  The place where she struck the ground was some distance from the end of the platform of the station. This platform was one hundred and thirty feet long, and the forward end of the car was about the middle of it while the cars were at the station.  The accident took place about three o'clock in the afternoon.

On the evidence we are of opinion that the court below should have ruled, as requested by the defendant, that the plaintiff was not entitled to recover.  While the plaintiff's evidence was contradictory as to whether she stepped off the car after the train had started, or fell off, in either case she admits that she knew that the train was then in motion.  If she stepped off, it is clear that she cannot recover.  *England* v. *Boston & Maine Railroad*, 153 Mass. 490.  If she fell off, it is apparent that the place where she fell shows that the train was in motion before she opened the door and stepped upon the platform ; and that if she had used her faculties she could not have failed to notice that the cars were moving.  In fact the plaintiff admitted that she could

not see very well because she had a veil on, and that her veil hindered her from seeing, quickly enough to save herself, that the train was really moving. The accident was not at night but in the middle of the afternoon, and there was nothing to hinder her from knowing that the train had started.

*Exceptions sustained.*